The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
604 South State Street
Clarks Summit, PA 18411
Phone: (570) 319-6642

## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY J. ABBALLE, | : | ELECTRONICALLY FILED |
| | : | NO.: |
| Plaintiff, | : | |
| | : | Judge: |
| v. | : | |
| | : | Civil Action-Law |
| | : | |
| CITY OF SCRANTON, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |
| | : | |

### COMPLAINT

AND NOW, come the Plaintiff, Larry J. Abballe, by and through his attorneys, The

Hanchulak Law Offices, P.C., and avers as follows:

### I. INTRODUCTION

1.    Plaintiff initiates this action to seek redress against The City of Scranton

(hereinafter "Defendant"), his former employer, for unlawful age discrimination in violation of

the Age Discrimination in Employment Act (hereinafter ADEA) and other applicable laws.

## II. PARTIES

2.  Plaintiff is an adult and competent individual residing at 2021 Dorothy Street, Scranton, PA 18504.

3.  Defendant, City of Scranton, is a government unit in the state of Pennsylvania, with a principal place of business located at 340 North Washington Avenue, Scranton, PA 18503.

## III. JURISDICTION

4.  Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967, as it engaged in an industry affecting interstate commerce and because it maintained or maintains twenty (20) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5.  Defendant maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (herein after PHRA) [requiring four of more employees].

6.  Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7.  Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendant can be served in the District.

8.  Plaintiff has exhausted his administrative remedies, having received an EEOC Dismissal and Notice of Rights dated January 6, 2021.

## IV. FACTUAL BACKGROUND

9.  Plaintiff began his work with the Respondent on January 5, 2016 and was employed as a full time Information Technology Manager through July 30, 2020.

10.    Plaintiff was at all relevant times over the age of 40, having been born on May 14, 1957.

11.    Plaintiff was at all relevant times qualified for the position of Information Technology Manager.

12.    Plaintiff's employment with Defendant was terminated on July 30, 2020. Prior to Plaintiff's termination on July 30, 2020, Plaintiff was not written up or disciplined in any fashion.

13.    On July 30, 2020, without prior warning, Plaintiff was invited to a conference call with IT Director, Frank Swietnicki and HR Director Amber Viola.

14.    During the July 30, 2020, conference call Plaintiff was advised that his position was eliminated and that his employment with the City was terminated effective at the close of business on the 30th.

15.    Subsequently, Plaintiff received a termination letter dated July 30, 2020, which makes no mention of the elimination of Plaintiff's position, nor does it state any reason for Plaintiff's termination. (See exhibit "A" attached hereto).

16.    The Plaintiff's position was not eliminated.

17.    Plaintiff was replaced by someone substantially younger than himself.

18.    The real reason for Plaintiff's termination was age discrimination.

COUNT I

AGE DISCRIMINATION IN EMPLOYMENT ACT

19.    Paragraphs 1 through 18 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

3

20.     Plaintiff is a member of the suspect class being over 40 years old at all times relevant hereto, having been born on May 14, 1957.

21.     Plaintiff was terminated and replaced by someone significantly younger.

22.     The employer did not have a legitimate non-discriminatory reason for Plaintiff's termination, in fact, Defendant misrepresented to Plaintiff that his position was eliminated.

23.     The foregoing conduct by the Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

24.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

COUNT II

PENNSYLVANIA HUMAN RELATIONS ACT

25.     Paragraphs 1 through 24 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

26.     The forgoing conduct by the Defendant constitutes violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

23.     As a result of the Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, Plaintiff prays that judgment be entered in his favor as follows:

a.     The Defendant be permanently enjoined from permitting ADEA discrimination against the Complainant or others;

4

b.      The Defendant be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting ADEA discrimination and be ordered to promulgate an effective policy against such illegal practices;

c.      The Defendant is to be permanently enjoined from retaliatory action against employees who support Plaintiff's claims or those exercising their own rights under State and Federal law;

d.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make him whole for any and all pay and benefits he would have received had it not been for Defendant's unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, impact on social security benefits and seniority;

e.      Plaintiff is to be awarded actual damages caused to him by Defendant's actions;

f.      Plaintiff is to be awarded liquidated damages and/or punitive damages as permitted by applicable law, in an amount believed by the court or trier of fact to be appropriate to punish the Respondent for it willful, deliberate, malicious, and outrageous conduct, and to deter Respondent or any other employees from engaging in such misconduct in the future;

g.      Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

h.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable Federal law; and

i.      Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage in further, or

5

ceases engaging in, illegal retaliation against Plaintiff or other witnesses to this action.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.


By:   s/Gerald J. Hanchulak

Gerald J. Hanchulak, Esq.

Attorney ID PA 56320

Attorneys for Plaintiff

604 South State Street

Clarks Summit, PA   18411

(570) 319-6642

ghanchulak@hanchulaklaw.com